**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| RICHARD CARRASCO, | No. C 06-7849 SBA |
| Petitioner, | **ORDER** |
| v. | [Docket No. 1] |
| MIKE EVANS, Warden, Salinas Valley State Prison, | |
| Respondent. | |

Petitioner Richard Carrasco has filed this petition for a writ of habeas corpus [Docket No. 1] pursuant to 28 U.S.C. § 2254. Respondent Mike Evans has answered, challenging the basis for Carrasco's petition. After reading and considering the arguments raised by the parties, the Court DENIES the petition for habeas corpus.

## BACKGROUND

**1.    Procedural History**

On November 27, 2002, Carrasco was convicted by a jury of first degree murder; eight counts of rape, with three counts having "great bodily injury" findings and seven counts having "deadly weapon use" findings; two counts of robbery in a residence, both having "deadly weapon use" findings; two counts of burglary, and three counts of injury to telephone lines. Docket No. 2, at 1. On January 24, 2003, he was sentenced to a term of 98 and two-thirds years imprisonment, consecutive to a term of twenty-five years to life. *Id.*

Carrasco appealed to the California Court of Appeal, which affirmed his conviction in an unpublished opinion on January 31, 2005. Docket No. 2 at 1. On February 23, 2005, Carrasco filed a petition for review with the California Supreme Court, which was granted on April 13, 2005. *Id.* The California Supreme Court remanded the action to the California Court of Appeal, with instructions to reconsider the case in light of intervening authority, *People v. Black*, 35 Cal. 4th 1238 (2005). *Id.* On November 14, 2005, the California Court of Appeal again affirmed Carrasco's conviction. *Id.* On

December 11, 2005, Carrasco filed another Petition for Review in the California Supreme Court, which was denied on January 18, 2006. *Id.*

Carrasco filed this petition for habeas corpus on December 22, 2006.

**2.     Statement of the Facts**

In this habeas petition, Carrasco argues that he was denied the right to self-representation because he submitted a written request to represent himself to the Superior Court and the court failed to consider his motion. The California Court of Appeal summarized the facts related to Carrasco's request for self-representation as follows:[1]

> In April 2001, appellant appeared with Patrick Kelly . . . . In June appellant filed a "request for pro per status and library privileges." He acknowledged that Kelly was representing him in this case, but requested "pro per status so that I can have access to the library related to the charges that are being filed in Sacramento County for which I do not have an attorney." The court granted this request. In August, appellant appeared with Kelly and the court set this case for February 25, 2002, on the master trial calendar for jury trial.
>
> The clerk's transcript contains a letter dated Wednesday, November 28, 2001, in which appellant stated he was putting the court on notice that he would move the court "to proceed in propria persona." He asked the court to file the letter and the attached "petition to proceed in pro-per status" and he requested a hearing one week later, on Wednesday, December 5, 2001 at 1:00 p.m. "or as soon as the matter may be heard on the petition." [footnote omitted] He also requested that "copies be made of [the] letter/petition & provided to defendant." On the upper corner of the letter is a notation, apparently made by a court clerk, stating "MTC 2-25-02 8:30 D24," indicating that the next court appearance scheduled in the matter was the master trial calendar on the date previously set, February 25, 2002 in Department 24.
>
> On December 24, 2001, Kelly filed a demurrer and various pre-trial motions. The notice requested a hearing date of January 11, 2002.
>
> The clerk's transcript also contains a letter from appellant dated December 16, 2001, and stamped "received" on December 31, 2001. In this letter, appellant complained, "the clerk has failed to set a court date to hear [his] petition" for self-representation and asks

---

[1]     The California Court of Appeal decision is the "last reasoned decision" of the state court, so the Court will apply the standards of § 2254(d) to that decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Plumlee v. Del Papa*, 465 F.3d 910, 917-18 (9th Cir. 2006).

the court "to rectify this matter and order a date for such petition."[2]

Appellant's next court appearance was January 11, 2002. The court called appellant's case and asked Kelly, "Is there some other motion being brought by Mr. Carrasco?" Kelly responded, "We don't know about that." The court said, "Okay. We'll have Mr. Carrasco come out for a moment, and we'll see what we have before us. Judge Ball said there was something going on, and I said I would call your matter first and try to get you out of here." Kelly said, "He may have done something on his own, and I don't know." Appellant was then brought into the courtroom and the court proceeded to hear the demurrer and the motions brought by trial counsel. At the conclusion of the hearing, the court asked counsel, "Maybe if you can ask Mr. Carrasco, do you have a hearing this morning or not?" Counsel responded, "No. He's not aware of any." The court said, "The judge was mistaken as to the time, and we'll leave it as previously set and let you go on about your business."

On February 25, 2002, appellant's case was continued until March 18. [footnote omitted] On March 18, attorney Eric Conner filed a motion asking to continue the trial date and stating, "counsel was retained last Thursday to represent defendant at trial [and] needs time to prepare for trial." Conner appeared that same day and announced, "I have recently been retained to represent" appellant. He waived appellant's appearance. Other counsel appeared for appellant and for Kelly commenting that Kelly was "still counsel of record at this point." . . . Conner assured the court he "could be ready to go in 60 days."

On March 20, 2002, appellant appeared with Conner. The prosecutor objected to the substitution of counsel and the request for a continuance. The record contains a lengthy discussion on the issue of discharging appointed counsel to allow the substitution of privately retained counsel. Conner told the court, "There's no evidence that Mr. Carrasco has been attempting to manipulate the Court in any way." The court granted the request for substitution. [footnote omitted] Conner continued to represent appellant throughout the proceedings.

*People v. Carrasco*, No. H026049 (Cal. Ct. App. Nov. 14, 2005).

**LEGAL STANDARDS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court

---

[2] The letter states, "Dear Judge: [¶] I am writing this letter/complaint to put the court on notice that on November 28th 2001 I did send via U.S. mail, to the clerk's office, Petition to Proceed in Pro-Per along with a letter. My main complaint is the clerk has failed to set a court date to hear my petition. As a result, I am being denied my constitutional right to self representation. [¶] I implore you to rectify this matter and order a date for such a petition. [¶] If the court continues to disregard my letters and allow time to elapse it will cause me irreparable injury. Please file this & place in the court's record." (California Court of Appeal opinion footnote 5).

3

proceedings unless the adjudication of the claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In all cases, habeas relief is warranted only if the constitutional error at issue is a structural error or had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Penry v. Johnson*, 532 U.S. 782, 795-96 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)); *see also DePetris v. Kuykendall*, 239 F.3d 1057, 1061-64 (9th Cir. 2001) (exclusion of evidence was an unreasonable application of federal law and had a substantial and injurious effect on verdict).

### A. "Clearly Established Federal Law"

Under section 2254(d)(1), a state prisoner may obtain habeas relief with respect to a claim adjudicated on the merits in state court only if the state court decision was "contrary to" or "involved an unreasonable application of" "clearly established Federal law, as determined by the Supreme Court of the United States." "Clearly established federal law 'as determined by the Supreme Court' 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision.'" *Earp v. Ornoski*, 431 F.3d 1158, 1182 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 2295 (2006) (quoting *Lambert*, 393 F.3d at 974 (citation omitted)). "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003). "If there is no Supreme Court precedent that controls a legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law.*" See Stevenson v. Lewis*, 384 F.3d 1069, 1071 (9th Cir. 2004), *cert. denied*, 543 U.S. 1191 (2005); *see also Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004).

There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." *See Lockyer v. Andrade*, 538 U.S. 63, 72-75 (2003). Circuit decisions may be relevant as persuasive authority to

4

determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established." *See Clark v. Murphy*, 331 F.3d 1062, 1070-71 (9th Cir. 2003), *cert. denied*, 540 U.S. 968 (2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 1999).

**B.     "Contrary to"**

While the "contrary to" and "unreasonable application" clauses often overlap, they have independent meaning which may necessitate examining a petitioner's allegation under both standards. *See, e.g., Lockyer v. Andrade*, 538 U.S. 63, 70-73 (2003); *Van Tran v. Lindsey*, 212 F.3d 1143, 1149-50 (9th Cir. 2000), *overruled on other grounds*. "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Put another way, a state court decision is "contrary to" clearly established Supreme Court precedent if it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent.'" *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (quoting *Williams*, 529 U.S. at 405-06).

A state court decision that correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Williams*, 529 U.S. at 406. Rather, such a case should be analyzed under the "unreasonable application" prong of § 2254(d). *See Weighall v. Middle*, 215 F.3d 1058, 1062 (9th Cir. 2000).

**C.     "Unreasonable Application"**

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. However, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

5

erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Woodford v. Visciotti,* 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record that court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (per curiam). In examining whether the state court's decision was unreasonable, the inquiry may "require[] analysis of the state court's method as well as its result." *Nunes v. Mueller*, 350 F.3d 1045, 1054 (9th Cir. 2003), *cert. denied*, 543 U.S. 1038 (2004) (emphasis omitted). Additionally, "evaluating whether a rule application was unreasonable requires considering the [relevant] rule's specificity;" if a legal rule is specific, the range of reasonable judgment may be narrow; if it is more general, the state courts have more leeway. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

## DISCUSSION

Carrasco's sole claim for relief under section 2544 is that he was denied the right to self-representation, in violation of the Sixth and Fourteenth Amendments, when the trial court failed to consider his motion. Petition (Pet.), 7. He asserts that the decision of the California Court of Appeal, denying any constitutional error regarding his motion for self-representation, was "contrary to, or involved an unreasonable application of, clearly established Federal law" and/or was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**1.   The California Court of Appeal Opinion**

The California Court of Appeal rejected Carrasco's claim that the trial court violated his Sixth and Fourteenth Amendment rights as follows:

> The Sixth Amendment to the federal Constitution grants a defendant the right to self-representation. (*Faretta v. California* (1975) 422 U.S. 806, 819, 45 L. Ed. 2d 562.) "When 'a motion to proceed pro se is timely interposed, a trial court must permit a defendant to represent himself upon ascertaining that he has voluntarily and intelligently elected to do so, irrespective of how unwise such a choice might appear to be. . . .'

6

[Citations.] Erroneous denial of a *Faretta* motion is reversible per se. [Citation.]" (*People v. Dent* (2003) 30 Cal.4th 213, 217.)

The United States Supreme Court has indicated that a waiver of the right of self-representation may be presumed from conduct. In *McKaskle v. Wiggins* (1984) 465 U.S. 168, 79 L. Ed. 2d 122, defendant's motion for self-representation was granted, but the court also appointed standby counsel. Both before and during trial, defendant frequently changed his mind about standby counsel's participation, sometimes objecting to that participation, but sometimes soliciting counsel's help. After his conviction, defendant argued that standby counsel's conduct had deprived him of his *Faretta* right to present his own defense. Rejecting that argument, the court reasoned in part, "A defendant can waive his *Faretta* rights . . . . [¶] . . . Once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his request that standby counsel be silenced." (*Id.* at ¶. 182-183.)

*Brown v. Wainwright* (5th Cir.1982) 665 F.2d 607, held that after a defendant has asserted the right of self-representation, a waiver may be found if it reasonably appears from the conduct of the defendant that he has abandoned his request to represent himself. (*Id.* at p. 611.) In *Brown*, appointed counsel moved to withdraw after the defendant indicated he wanted to represent himself. A hearing was held, but the court deferred its ruling and asked counsel to see whether his differences with his client could be worked out. Counsel then informed the court that those differences had been resolved, and that the defendant had changed his mind and wanted counsel. The defendant worked with counsel and an investigator to prepare a defense, but on the third day of trial, he unsuccessfully renewed his request to represent himself. Later, the defendant sought habeas corpus relief on the ground that he was denied his right to self-representation. (*Id.* at ¶. 609-610.)

Brown compared the right of self-representation and the right to counsel, and reasoned that while the right to counsel is in force until waived, the right of self-representation does not attach until asserted. "A waiver may be found if it reasonably appears to the court that defendant has abandoned his initial request to represent himself." (*Brown v. Wainwright*, *supra*, 665 F.2d at p. 611.) *Brown* concluded that the defendant's subsequent conduct after his initial request to represent himself supported a finding of waiver. The court noted that after the initial hearing, the defendant did not inform the trial court of his continuing desire to conduct his own defense, despite opportunities to do so. (*Ibid.*)

. . . .

Appellant relies on *U.S. v. Arlt* (9th Cir. 1994) 41 F.3d 516. In *Arlt*, the defendant had made an unequivocal waiver of the right to be represented by an attorney by repeatedly requesting and on one occasion "demanding" that he represent himself. After the trial court denied the request and forced him to accept court-appointed counsel, the defendant subsequently moved for substitution of counsel of his choice. The *Arlt* court held that the defendant did not abandon his request to represent himself when he moved to substitute his chosen attorney for counsel that had been assigned by court because the court had absolutely foreclosed the option of self-representation, leaving the defendant with the choice of continuing to be represented by appointed counsel or one of his own choosing.

Appellant's situation differs from that of the defendant in *Arlt* in the important respect

7

that the *Arlt* defendant's motion for self-representation was actually denied by the trial court. Here, the record shows that appellant's motion was not heard, and that appellant knew that the reason for that was the clerk's failure to calendar the matter. Appellant's original petition requested a specific court date "or as soon as the matter may be heard." In his letter received December 31, 2001, he complained, "the clerk has failed to set a court date to hear my petition." Thus, appellant knew that his petition simply had not been calendared by the clerk, as opposed to having been denied by the court. Appellant's next appearance in court was January 11, 2002, following the presumable holiday slowdown in court business and coming less than two weeks after his complaint about the calendaring oversight was received. That day, he was specifically invited by the court to say whether he himself, as opposed to trial counsel, had a hearing scheduled. Appellant's response through counsel, that he was not aware of any matter set, is, at best, coy. His failure to mention his motion for self-representation in response to the court's inquiry or at any subsequent appearances, or at least to alert the court to the clerk's failure to set a hearing date, smacks of gamesmanship.[3]

This is not to say the court or the clerk's office is free to ignore correspondence and moving papers received from a defendant. As appellant puts it, "this would indeed be a tidy way of ridding oneself of these troublesome *Faretta* issues." We would expect that the court or the clerk's office will examine what transpired here to avoid a recurrence of this lapse. However, it is plain on this record that the court did not purposely disregard appellant's petition, but solicited appellant's response as to whether he had a pending matter. Given the extraordinary delays that had already occurred in this case, the amount of time between the receipt of appellant's original petition in late November and the hearing on January 11 was insignificant and in accordance with appellant's request to hold a hearing on either the date he requested or "as soon as the matter may be heard." If appellant had truly wanted a hearing on his petition, it is inconceivable that he would not have mentioned it in response to the court's question. By declining to inform the court of his continuing desire to represent himself, despite numerous opportunities to do so, by acquiescing in the participation of attorney Kelly and by affirmatively retaining attorney Conner as trial counsel, appellant abandoned his motion for self-representation.

*People v. Carrasco*, No. H026049 (Cal. Ct. App. Nov. 14, 2005).

**2.    Applicable Federal Law**

A defendant has a constitutional right to represent himself and proceed *pro se*. *Faretta v.*

---

[3] This conclusion is bolstered by appellant's demonstrated sophistication with self-representation. The Clerk's Transcript documents appellant's self representation in bringing a civil rights action in federal court concerning the medical treatment he was receiving while in the Santa Clara County jail. An observation in *Kenner* seems apt here: "One interpretation of this record is that appellant realized that the trial court forgot the *Faretta* motion . . . and slyly saved his *Faretta* ace to play triumphantly on appeal." (*Kenner*, *supra*, 223 Cal. App. 3d at p. 62.) (California Court of Appeal opinion footnote 9).

8

1 *California*, 422 U.S. 806, 832 (1975). A request to proceed without counsel must be unequivocal, knowing and intelligent, timely, and not for purposes of securing delay. *Adams v. Carroll*, 875 F.2d 1441, 1444 & n.3 (9th Cir. 1989); *see also McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984). Once asserted, however, a defendant can waive his *Faretta* rights. *McKaskle*, 465 U.S. at 182. The right to self-representation "'may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether.'" *Wilson v. Walker*, 204 F.3d 33, 37 (2d Cir. 2000) (citing *Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994)).

Still, "to avoid waiver of a previously invoked right to self-representation, a defendant need not 'continually renew his request to represent himself even after it is conclusively denied by the trial court. After a clear denial of the request, a defendant need not make fruitless motions or forego cooperation with defense counsel in order to preserve the issue on appeal.'" *Wilson,* 204 F.3d at 37 (citing *Brown v. Wainwright*, 665 F.2d 607, 612 (5th Cir. 1982) (en banc)). For instance, the Ninth Circuit found that further requests for self representation would have been fruitless, and failure to renew did not constitute waiver, where the defendant "stated his request clearly and unequivocally and the judge has denied it in a equally clear and unequivocal fashion." *United States v. Arlt*, 41 F.3d 516, 523 (9th Cir. 1994). In contrast, the Second Circuit has found that a renewed request for self-representation would not have been fruitless, and the motion abandoned, where "there were two subsequent changes in the attorney appointed to represent [the defendant] and the question of self-representation was left open for possible further discussion." *Wilson,* 204 F.3d at 38.

**3.     Analysis**

    **a.     "Contrary To"**

In this AEDPA case, Carrasco cannot establish that the California court's opinion was "contrary to" clearly established federal law unless he shows that the court either (1) applied a rule that contradicts the governing law set forth in Supreme Court cases or (2) decided his case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam). However, although he baldly asserts that the court's opinion is "contrary to" clearly

9

established federal law, Carrasco makes no argument to that effect. Nor could he. The California Court of Appeal correctly identified the governing federal law: Carrasco had a right to proceed *pro se* under *Faretta* and, under *McKaskle*, a defendant may effectively abandon an assertion of that right with certain conduct. The state court also cited and applied the rules set forth in *Arlt* and *Brown*, holding that a defendant need not renew a motion for self-representation if it would be fruitless to do so. Additionally, neither Carrasco nor the state court cites a case with facts that are "materially indistinguishable" from those presented here. As discussed in detail below, the facts in *Arlt* are materially *distinguishable* from those presented here. Thus, the California Court of Appeal's opinion is not "contrary to" federal law within the meaning of section 2254(d)(1).

        **b.**     **"Unreasonable Application"**

After an independent review of the record, the Court is satisfied that the state courts' findings are at least reasonable and therefore binding in these proceedings. *See* 28 U.S.C. § 2254(d)(2); *cf. Early v. Packer*, 537 U.S. 3, 10 (2002) (in context of § 2254(d)(1), noting that even if federal court believed that there was jury coercion, "it is at least reasonable to conclude that there was not, which means that the state court's determination to that effect must stand").

The United States Supreme Court has indicated that a waiver of the right of self-representation may be presumed from conduct. In *Faretta* itself, the Court suggested that the right is not infringed if the defendant acquiesces to the representation. *Faretta,* 422 U.S. at 820-21. Subsequently, in *McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984), the Supreme Court held that "[a] defendant's invitation to counsel to participate in the trial obliterates any claim that the participation in question deprived the defendant of control over his own defense. Such participation also diminishes any general claim that counsel unreasonably interfered with the defendant's right to appear in the status of one defending himself." Similarly, *Brown v. Wainwright*, 665 F.2d 607 (5th Cir. 1982) (quoted in *United States v. Arlt*, 41 F.3d 516, 523 (9th Cir. 1994)), held that after a defendant has asserted the right of self-representation, a waiver may be found if it reasonably appears from the conduct of the defendant that he has abandoned his request to represent himself. *Id.* at 611.

The state court reasonably found that Carrasco's actions demonstrated such a waiver of his right

1   of self-representation. After giving the court written notice that he would move the court "to proceed
2   in propria persona," and sending a follow-up letter a month later, Carrasco allowed his counsel Kelly
3   to file various pre-trial motions and then to appear in court on his behalf. When asked by the court
4   whether he was bringing another motion, Carrasco allowed his counsel to respond in the negative.
5   Thereafter, Carrasco affirmatively retained attorney Conner as trial counsel.

6   Carrasco relies upon *United States v. Arlt*, 41 F.3d 516, for the proposition that "a defendant
7   need not make fruitless motions or forego cooperation with defense counsel in order to preserve the
8   issue on appeal." *Id.* at 523 (quoting *Brown v. Wainwright*, 665 F.2d at 612). However, he truncates
9   the quote. In fact, *Arlt* quotes *Brown* to show that "[a]fter a clear denial of the request, a defendant need
10  not make fruitless motions or forego cooperation with defense counsel in order to preserve the issue on
11  appeal." *Id.* (emphasis in original). In *Brown*, "the initial request was not clear and intelligent and not
12  conclusively denied. Under these circumstances, the Eleventh Circuit held that a defendant may waive
13  the right to self-representation if he abandons his request." *Arlt*, 41 F.3d at 523 (citing *Brown*, 665 F.2d
14  at 611-12). Conversely, "once Arlt's request was clearly made and conclusively denied, his
15  self-representation right was not forfeited" and his only option therefore was between court-appointed
16  counsel and counsel of his choosing. *Id.* at 524.

17  Unlike *Arlt*, Carrasco's request was never conclusively denied and it would not have been
18  "fruitless" to reurge his motion for self-representation either when the court asked him if he had a
19  motion scheduled or thereafter. Carrasco argues that by refusing to acknowledge a request for
20  self-representation until the defendant gives up, a state court can disingenuously deem this surrender
21  to be an abandonment of the right. The state court recognized that this is indeed a grave concern, but
22  found that "it is plain on this record that the court did not purposely disregard appellant's petition, but
23  solicited appellant's response as to whether he had a pending matter." It further opined that "[i]f
24  appellant had truly wanted a hearing on his petition, it is inconceivable that he would not have
25  mentioned it in response to the court's question." Under the circumstances presented here, where the
26  state trial court inadvertently failed to schedule a hearing on a *Faretta* motion, later asked the defendant
27  about the matter, and the defendant failed to reurge his motion when asked and subsequently retained
28

11

counsel, it was reasonable for the state court to conclude that the defendant waived his right to self-representation. Accordingly, the state court's opinion is not an "unreasonable application" of the federal law governing the right to self-representation and, under ADEPA, the petition must be denied.

**CONCLUSION**

Accordingly, Richard Carrasco's petition for a writ of habeas corpus [Docket No. 1] is DENIED. The Clerk of Court is directed to terminate any pending matters and close the case file.

IT IS SO ORDERED.

November 13, 2007

_____
Saundra Brown Armstrong
United States District Judge